# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LORENDA LEE DELIPHOSE** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 18-39-SDD-RLB** |
| **UNITED STATES FIRE INSURANCE COMPANY, ET AL.** | |

## ORDER

Before the Court is Plaintiff's Motion to Substitute Devin M. Swartzmiller, in Her Capacity as the Legal Representative of the Estate of Michael Swartzmiller, in Place of Defendant Michael Swartzmiller (R. Doc. 44) ("Motion to Substitute") filed on October 22, 2018.

Also before the Court is Plaintiff's Motion to Appoint an Attorney at Law, as the Succession Representative of the Succession of Michael Swartzmiller, and for Extension of Time Pursuant to Rule 6(B) (R. Doc. 45) ("Motion to Appoint") filed on October 22, 2018.

The deadline for filing any oppositions to the foregoing motions by the current defendants has expired. LR 7(f).

Plaintiff originally brought this personal injury action in state court seeking recovery from United States Fire Insurance Company, Cape Environmental Management Inc., and Michael Swartzmiller, the operator of a motor vehicle involved in the underlying crash. (R. Doc. 1-2). Mr. Swartzmiller removed the action asserting that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1).

On July 24, 2018, United States Fire Insurance Company and Cape Environmental Management Inc. filed a "Suggestion of Death on the Record" pursuant to Rule 25(a)(1) of the

Federal Rules of Civil Procedure, indicating that Mr. Swartzmiller died on July 13, 2018. (R. Doc. 37).

On August 15, 2018, the County Clerk for Hancock County, West Virginia, appointed Devin Michelle Swartzmiller as the representative of Mr. Swartzmiller's estate. (R. Doc. 44-4).

On October 22, 2018, Plaintiff filed the instant Motion to Substitute (R. Doc. 44) and Motion to Appoint (R. Doc. 45). Plaintiff Motion to Substitute seeks an order appointing Ms. Swartzmiller, in her capacity as the representative of the estate of Mr. Swartzmiller, pursuant to Rule 25(a). Among other things, Plaintiff notes that for individuals who are acting in a representative capacity, "the law of the state where the court is located" governs the determination of whether that representative has the capacity to be sued in Federal Court. *See* Fed. R. Civ. P. 17(b). Plaintiff identifies the applicable Louisiana state law for determining capacity to be sued to be Louisiana Code of Civil Procedure article 734, which provides the following:

> Except as otherwise provided by law, including but not limited to Articles 2641 and 2674, the succession representative appointed <u>by a court of this state</u> is the proper defendant in an action to enforce an obligation of the deceased or of his succession, <u>while the latter is under administration</u>. The heirs or legatees of the deceased, whether present or represented in the state or not, need not be joined as parties, whether the action is personal, real, or mixed.

La. Code Civ. Proc. art. 734 (emphasis added). Plaintiff argues that while Ms. Swartzmiller was appointed the succession representative by a court in West Virginia, and not a court in Louisiana, this Court should hold that she has capacity to be sued as the succession representative in this action pursuant to Rule 17(b).

Plaintiff's Motion to Appoint seeks alternative relief should the Court deny Plaintiff's Motion to Substitute. Through this motion, Plaintiff seeks appointment of Ms. Swartzmiller as

2

an "attorney at law" pursuant to Louisiana Code of Civil Procedure article 5091. That statute provides, in pertinent part, the following:

> A. The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
>
> (1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is:
>
> . . .
>
> (c) Deceased and no succession representative has been appointed.
>
> . . .
>
> B. All proceedings against such a defendant shall be conducted contradictorily against the attorney at law appointed by the court to represent him. For the limited purpose of any such action or proceeding, the appointed attorney at law shall be the proper representative of the succession of any such decedent to the same extent as if he were the regularly appointed and duly qualified administrator or executor in such decedent's succession.

La. Code Civ. Proc. art. 5091(A)(1)(c), (B). At least one Louisiana state court has interpreted Article 5091(A)(1)(c) "to mean that the court shall appoint a succession representative when one has not been appointed *by a Louisiana court* . . . and that the succession representative under an La. C.C.P. art. 5091 appointment is the proper party defendant in a suit against a succession in Louisiana where no succession representative has been appointed by a Louisiana court." *Norton v. Graham*, 806 So.2d 933, 936 (La. 2nd Ct. App. 2002).[1]

The Court has considered the arguments and issues raised by Plaintiff's Motions. The Court finds it appropriate to address Rule 25 substitution without addressing the issue of capacity to be sued under Rule 17(b). Federal courts have clarified that Rule 17(b) does not apply to the

---

[1] This Court has held that Article 5091 "is a Louisiana procedural mechanism that falls outside of the 'state law for serving a summons' that is applicable under Rule 4(e)(1)." *Lantz v. State Farm Mut. Auto. Ins. Co.*, No. 16-318, 2017 WL 662989, at *3 (M.D. La. Feb. 17, 2017). In light of the instant ruling, the Court need not address whether Article 5091 is applicable for the purposes sought by Plaintiff.

3

substitution of parties pursuant to Rule 25(a)(1). *See Jones v. Schellenberger*, 196 F.2d 852, 854 (7th Cir. 1952) ("Rule 17(b) relates solely to 'capacity to Sue or Be Sued', and makes the law of the State controlling only in that respect. Conversely, the rule does not purport to make provision for the substitution of parties."); *Veliz v. Cintas Corp.*, No. 03-1180, 2008 WL 2811171, at *2 n. 3 (N.D. Cal. July 17, 2008) ("Rule 17(b) does not apply to the substitution of parties")(citing *Jones*, 196 F.2d at 854). The issue of whether Ms. Swartzmiller, in her capacity as the representative of the estate of Mr. Swartzmiller, has the capacity to be sued under Rule 17(b) can be raised by Ms. Swartzmiller, after substitution, pursuant to Rule 9(a)(2).[2]

The Court must now decide whether substitution of the parties is proper pursuant to Rule 25(a), which provides the following:

**(a) Death.**

**(1)** *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

**(2)** *Continuation Among the Remaining Parties.* After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.

**(3)** *Service.* A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a).

---

[2] Rule 9(a)(2) provides that a party seeking to challenge capacity to be sued "must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge." Fed. R. Civ. P. 9(a)(2). Failure to plead lack of capacity may result in waiver of that defense. *See Henderson v. Turner*, No. 11-39, 2012 WL 3109482, at *6 (M.D. La. July 31, 2012) (citing *Lang. v. Tex. & Pac. R.R. Co.*, 624 F.2d 1275, 1277 (5th Cir. 1980)).

Rule 25(a)(1) provides the Court with discretion to grant a motion to substitute a succession representative in place of a deceased party filed by any party. There is no dispute that the Motion to Substitute was timely filed by Plaintiff after service of the Suggestion of Death on the Record pursuant to Rule 5. Furthermore, the record indicates that Ms. Swartzmiller has been appointed the representative of Mr. Swartzmiller's estate. (R. Doc. 44). Finally, the addition of Ms. Swartzmiller will not destroy diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent. . . .").

It appears, however, that the service requirement of Rule 25 has not been satisfied. Plaintiff has not submitted proof of service of the Motion to Substitute on Ms. Swartzmiller "as provided in Rule 4" as required by Rule 25(a)(3). The Fifth Circuit has held that service of the motion to substitute pursuant to Rule 4 is "for the purpose of acquiring personal jurisdiction over non-parties, and Rule 5 service of the motion is not sufficient to acquire such jurisdiction and cannot be employed in lieu of Rule 4." *Ransom v. Brennan*, 437 F.2d 513, 518 (5th Cir. 1971).

The record suggests that Plaintiff has made efforts to serve Ms. Swartzmiller pursuant to Rule 4. On October 23, 2018, the day after Plaintiff filed her Motion to Substitute, she sought issuance of summons for the purpose of serving Ms. Swartzmiller. (R. Doc. 47). The Clerk's Office did not issue the summons pursuant to Rule 4(b).

At least one federal court in Louisiana has acknowledged "the existence of a procedural conundrum at the intersection of Rule 25, Rule 4, and the policies and procedures of the Clerk of Court's Office" with respect to the issuance of a summons regarding a potential party which has not yet been substituted as a party. *Aim Bus. Capital, L.L.C. v. Reach Out Disposal, L.L.C.*, No. 13-00241, 2015 WL 1208587, at *3 (W.D. La. Mar. 16, 2015). In the foregoing action, the

Court was faced with the issue of whether to grant a motion to substitute under Rule 25 in the absence of Rule 4 service on the succession representative where the plaintiff demonstrated "inability to obtain a summons and its consequential inability to perfect service on [the succession representative] in the absence of an order substituting her as a defendant in the suit." *Id*. at *2. Noting that granting the motion to substitute would not deprive the succession representative of the ability to raise any appropriate defenses, including lack of personal jurisdiction, the Court granted the motion to substitute and ordered service of a summons issued by the Clerk's Office. *Id.* at *3. This Court finds this procedure to be appropriate.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Substitute Devin M. Swartzmiller, in Her Capacity as the Legal Representative of the Estate of Michael Swartzmiller, in Place of Defendant Michael Swartzmiller (R. Doc. 44) is **GRANTED**.

**IT IS FURTHER ORDERED** that Devin Michelle Swartzmiller, in her capacity as the legal representative of the Estate of Michael Swartzmiller, is **SUBSTITUTED** in place of Michael Swartzmiller.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue a summons to Devin Michelle Swartzmiller, in her capacity as the legal representative of the estate of Michael Swartzmiller.

**IT IS FURTHER ORDERED** that Plaintiff shall serve Devin Michelle Swartzmiller, in her capacity as the legal representative of the Estate of Michael Swartzmiller, with the summons, the Motion to Substitute (R. Doc. 44), and a copy of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint an Attorney at Law, as the Succession Representative of the Succession of Michael Swartzmiller, and for Extension of Time Pursuant to Rule 6(B) (R. Doc. 45) is **DENIED as moot.**

Signed in Baton Rouge, Louisiana, on January 18, 2019.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**
