# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

LORENDA DELIPHOSE

VERSUS

UNITED STATES FIRE INSURANCE CO.,
CAPE ENVIRONMENTAL MANAGEMENT,
MICHAEL J. SWARTZMILLER, ILLINOIS
UNION INSURANCE COMPANY

CIVIL ACTION

18-39-SDD-RLB

## **RULING**

This matter is before the Court on the *Motion for Partial Summary Judgment*[1] filed by Defendant, Cape Environmental Management, Inc. ("Cape"). No opposition to this motion has been filed.

Local rule 7(f) of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty-one (21) days after service of the motion.

In the present case, the motion by Cape was electronically filed on January 4, 2019. A review of the record shows that far more than twenty-one (21) days have elapsed since the electronic service of this Motion, and no memorandum in opposition has been submitted to date.

Therefore, this Motion is deemed to be unopposed and further, after reviewing the record, the Court finds that the Motion has merit. As the Defendant-driver's employer,

---

[1] Rec. Doc. No. 54.

51905

Cape seeks to dismiss Plaintiff's punitive damages claim against it because it contends that there is no employer liability for punitive damages under Louisiana Civil Code article 2315.4. Louisiana Civil Code article 2315.4 provides:

> In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of other by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries.

In *Lankford v. National Carriers Inc.,* the Western District of Louisiana considered whether to dismiss a claim for punitive damages against an employer on the basis that an employer cannot be held vicariously liable for punitive damages that could be awarded against its employee driver.[2] There, the court, quoting the Louisiana Third Circuit Court of Appeal, noted that, "[i]n Louisiana, there is a general public policy against punitive damages; thus a fundamental tenet of our law is that punitive or other penalty damages are not allowable unless expressly authorized by statute. Furthermore, when a statute does authorize the imposition of punitive damages, it is subject to strict scrutiny."[3] Citing *Romero*, the *Lankford* court also noted that Article 2315.4 is clear and "expressly provides for punitive damages against 'a *defendant*' who recklessly or wantonly disregards the safety of others while driving intoxicated."[4] Accordingly, the court in *Lankford* found that Article 2315.4 does not allow the imposition of punitive damages against persons who are vicariously liable such as an employer.[5] The court also found that Article 2315.4 "is

---

[2] *Lankford v. National Carriers Inc.*, No. CIV.A. 12-01280, 2015 WL 518736, at *1 (W.D. La. Feb. 6, 2015).
[3] *Lankford*, 2015 WL 518736, at *2 (quoting *Romero v. Clarendon America Ins.* Co., 54 So.3d 789 (La.App. 3 Cir., 2010).
[4] *Id.* (quoting *Romero*, 54 So.3d 789, 791 (La.App. 3 Cir.,2010)(emphasis in original)).
[5] *Id.* at *3.

51905

clearly aimed at the offending person's behavior and none other."[6]

Similarly, in *Benoit v. Landstar Inway, Inc.,* this Court recently considered whether the defendant's employer was vicariously liable for the punitive damages arising from the intoxicated driver's negligent operation of the vehicle.[7] In *Benoit*, the plaintiff was involved in an accident with an intoxicated driver. The plaintiff sued the intoxicated driver's employer for punitive and exemplary damages. Considering that "federal district courts have consistently held that Article 2315.4 does not impose punitive or exemplary damages on vicariously liable parties,"[8] the Court found no evidence that the employer contributed to the intoxication of the defendant-driver and thus, Louisiana law bars the imposition of punitive damages against the employer as a matter of law.

Following that line of reasoning, Plaintiff herein has offered no evidence that Cape contributed to the intoxication of the defendant-driver, much less opposed the instant motion. Further, the Statement of Undisputed Facts[9] is deemed admitted as uncontroverted.

Accordingly, **IT IS HEREBY ORDERED** that the *Motion for Partial Summary Judgment*[10] by Cape is GRANTED, and Plaintiff's claims for punitive or exemplary damages against Cape are dismissed without prejudice.

Any response to this *Ruling*, <u>which should explain the Plaintiff's failure to comply with the Court's deadlines</u>, based on the appropriate Federal Rule of Civil Procedure,

---

[6] *Id.*
[7] *Id.* at *2.
[8] *Benoit v. Landstar Inway, Inc.,* 2018 WL 4224896 (M.D. la. 2018) (citing *Lankford*, 2015 WL 518736, at *3 (W.D. La. Feb. 6, 2015)).
[9] Rec. Doc. No. 54-2.
[10] Rec. Doc. No. 54.

51905

shall be filed within fourteen (14) days and must be accompanied by an opposition memorandum to the original *Motion*.

On review of the pleadings filed along with the opposition, the Court, at its discretion, may assess costs, including attorney's fees, against the moving party, if the Court deems that such a motion was unnecessary had a timely opposition memorandum been filed.[11] A statement of costs conforming to L.R. 54(c) shall be submitted by all parties desiring to be awarded costs and attorney's fees no later than seven (7) days prior to the hearing on the newly filed motion.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>June 4, 2019</u>.

_____
**SHELLY D. DICK, CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[11] *See* Fed. R. Civ. P. 16, 83.

51905