UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LORENDA LEE DELIPHOSE** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 18-39-SDD-RLB** |
| **UNITED STATES FIRE INSURANCE COMPANY, ET AL.** | |

## ORDER

Before the Court is Plaintiff's Motion to Compel (R. Doc. 100) filed on August 30, 2019. Plaintiff seeks an order compelling the non-party Craig Davidson to attend a deposition pursuant to a Rule 45 subpoena. The subpoena sought compliance in Lima, Ohio on July 8, 2019. (R. Doc. 100-2 at 1). Plaintiff asserts that she served the subpoena on Mr. Davidson's wife on about May 8, 2019 at his residence in Port Jefferson, Ohio. (R. Doc. 100-1 at 1; *see* R. Doc. 100-2 at 2).[1] Plaintiff represents that Mr. Davidson did not object to the subpoena prior to the date of compliance. (R. Doc. 100-1 at 2). Mr. Davidson did not appear for the deposition. (R. Doc. 100-3). Plaintiff filed the instant motion on the deadline to complete non-expert discovery. (R. Doc. 77).

---

[1] This Order issues no ruling on whether Mr. Davidson was properly served with the subpoena. The Court notes, however, that Rule 45 provides that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). The Fifth Circuit has indicated that personal delivery of a Rule 45 subpoena is required. *See In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) ("The conjunctive form of the rule indicates that proper service requires not only personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance."); *see also Abbott v. Honeywell Int'l*, No. 04-596, ECF No. 201 (M.D. La. Mar. 23, 2007) (quashing Rule 45 subpoena that was not served personally on non-party); *Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463, 466 (E.D. La. 2007) ("Under the plain language of the rule, as well as Fifth Circuit precedent, service is improper if the person himself is not served with a copy of the subpoena."); *Omikoshi Japanese Rest. v. Scottsdale Ins. Co.*, No. 08-3657, 2008 WL 4829583, at *1 (E.D. La. Nov. 5, 2008) (denying motion to compel Rule 45 subpoena that was not served personally); *but see Bozo v. Bozo*, No. 12-24174, 2013 WL 12128680, at *1 (S.D. Fla. Aug. 16, 2013) ("Rule 45 does not require personal service, but rather requires service reasonably calculated to insure receipt of the subpoena by the witness.")(citations omitted). The U.S. District Court for the Northern District of Ohio has reached the same conclusion on at least one occasion. *See Hale v. Bunce*, No. 16-02967, 2017 WL 10978845, at *1 (N.D. Ohio Oct. 3, 2017) ("The court agrees with several district courts that have found personal service is required, as only such service can ensure that the non-party has the opportunity to object to the subpoena.").

"A motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2); *see also* Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."); Fed. R. Civ. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.").

The subpoena at issue sought compliance in Lima, Ohio. Accordingly, in order to obtain any relief with respect to the subpoenaed deposition, Plaintiff must refile the instant motion in the U.S. District Court for the Northern District of Ohio. Mr. Davidson may then consent to have the matter transferred to the Middle District of Louisiana as the issuing court, or the court of compliance may do so upon a finding of exceptional circumstances. *See* Fed. R. Civ. P. 45(f). If the subpoena-related motion is not transferred pursuant to Rule 45(f), any resolution must be sought in the court of compliance. Should this motion be refiled in the Northern District of Ohio, counsel shall provide the assigned court with a copy of this order.

Based on the foregoing,

**IT IS ORDERED** that the Plaintiff's Motion to Compel (R. Doc. 100) is **DENIED**. The Court finds good cause to extend the deadline to complete non-expert discovery to **September 16, 2019** solely for the purpose of providing Plaintiff time to refile this motion in the Northern District of Ohio if desired.

Signed in Baton Rouge, Louisiana, on September 9, 2019.

                                      **RICHARD L. BOURGEOIS, JR.**
                                      **UNITED STATES MAGISTRATE JUDGE**